IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Case No. 2:25-cv-02086

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

290 DELI ZONE, INC.,

    Defendant.

## COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendant 290 Deli Zone, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County Florida.

2. Defendant is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 290 Route 109, Farmingdale, NY 11735. Defendant's agent for service of process is Epand Boyle & Co. Inc., 1836 Bellmore Avenue, Bellmore, NY 11710.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering its customers access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

7. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/ photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

### II. The Work at Issue in this Lawsuit

8. A professional photographer employed by Plaintiff's above-named customer created a photograph titled "ColdCutAsst040, 12-06-2007" (the "Work"). A copy of the Work is displayed below:



9. The Work was registered by the above-named customer with the Register of Copyrights on August 26, 2016 and was assigned Registration No. VA 2-014-921. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

10. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

11. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. <u>See</u> 17 U.S.C. § 501(b).

**III.     Defendant's Unlawful Activities**

12.     Defendant owns and operates a deli focusing on breakfast, lunch, and catering events.

13.     Defendant advertises/markets its business through its website (https://www.delizoneli.com/?sessId=43257294bc7023564994ac9fd1114dc1), social media (e.g., https://www.facebook.com/delizonefarmingdale), and other forms of advertising.

14.     On several dates after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or on its menus as a means of advertising, promoting, and/or marketing its business (at https://www.facebook.com/delizonefarmingdale/photos/pb.100066577639292.-2207520000./1784519464914561/?type=3):



(https://www.facebook.com/delizonefarmingdale/photos/pb.100066577639292.-2207520000./1917907411575765/?type=3):



(https://www.facebook.com/delizonefarmingdale/photos/pb.100066577639292.-2207520000./3136326816400479/?type=3):



(https://www.facebook.com/delizonefarmingdale/photos/pb.100066577639292.-2207520000./3261469743886185/?type=3):



15. A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendant's unauthorized use/display of the Work on April 26, 2022. Following such discovery, Plaintiff and/or its above-named

customer notified Defendant in writing of such unauthorized use.

20.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21.     Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23.     Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

24.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

25.     As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or printed media.

26.     Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

27.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

28.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself

utilizes a copyright disclaimer on its website ("Deli Zone ©2025 All Rights Reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property rights. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

29. Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendant (via Federal Express, e-mail, and telephone) notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, social media, and/or printed media. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action - reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit - supported a finding of willfulness under 17 U.S.C. § 504(c)(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Defendant's website, webpage, social media, and/or printed media.

30. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

34. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights

or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: April 15, 2025

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
       Daniel DeSouza, Esq.